UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID G. LAMPSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:08 CV 813 CDP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

Movant David G. Lampson brings this case under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. Lampson was sentenced to a term of 42 months following his guilty plea to a one-count indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Criminal Case No. 4:07CR347 CDP. Lampson appealed his conviction, but later withdrew the appeal.

As grounds for his § 2255 motion, Lampson alleges that he received ineffective assistance of counsel in numerous respects. However, these claims are conclusively refuted by the record. I will therefore deny the motion to vacate without a hearing.

**Background**

On May 26, 2007, detectives with the Lincoln County, Missouri, Sheriff's Department responded to the residence of Lampson's parents in an attempt to arrest Lampson for active warrants. While inside the residence, detectives observed Lampson pull into his parents' driveway. When the detectives exited the residence, Lampson backed out of the driveway and fled. Detectives gave pursuit, during which time they observed Lampson throw a rifle out of the driver's side window of his vehicle. Lampson was able to avoid capture that day; however, detectives retrieved the firearm and Lampson was arrested three days later.

Lampson was indicted in the Eastern District of Missouri and charged with being a felon in possession of a firearm which had previously moved in interstate commerce in violation of 18 U.S.C. § 922(g)(1). He entered into a plea agreement that provided in exchange for his guilty plea, the government would not bring any further federal prosecution against him arising out of the May 26, 2007 events. As part of the plea agreement, both parties waived all rights to appeal all non-jurisdictional issues. Moreover, Lampson agreed to waive all rights to contest his conviction or sentence in any post-conviction proceeding, except for claims of prosecutorial misconduct or ineffective assistance of counsel. Lampson pleaded guilty on December 20, 2007.

The Presentence Investigation Report ("PSR") determined Lampson's total offense level to be 17 and his 20 total criminal history points placed him in criminal history category VI.[1] His advisory sentencing guidelines were 51 to 63 months. I concluded, for a variety of reasons, that a sentence of 51 months was appropriate. At the sentencing hearing, Lampson's counsel asked that the sentence be reduced by nine months for the time served in state custody. The government did not object to this adjustment. Under the provisions of U.S.S.G. 5G1.3 I credited Lampson with the nine months and sentenced him to 42 months.

Although as part of his plea agreement Lampson agreed not to appeal his conviction, he filed an appeal on March 28, 2008, which was later withdrawn on May 12, 2008. Lampson then filed the instant motion to vacate, set aside, or correct his sentence claiming his attorney, Diane Dragan, provided ineffective assistance of counsel in the following ways:

1. Ms. Dragan told Lampson there is no trial defense of coercion.

2. Ms. Dragan failed to file specific grounds of coercion and lesser harms departure.

---

[1] According to the PSR, Lampson's criminal history included convictions for possession of a controlled substance (methamphetamine), assault of a law enforcement officer, forgery, property damage, stealing, possession and attempt to manufacture a controlled substance (methamphetamine), and theft of anhydrous ammonia. Additionally, Lampson violated his parole twice and was on parole when he committed this crime.

3. Ms. Dragan failed to provide Lampson with information gathered from witnesses.

4. Ms. Dragan miscalculated Lampson's time already served.

5. Ms. Dragan failed to inform the government of Lampson's willingness to cooperate.

## Discussion

As a preliminary matter, I note that I will not hold an evidentiary hearing on this motion. "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and the records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks and citations omitted). However, no hearing is required when the claim is inadequate on its face, or the record affirmatively refutes the factual assertions upon which the claim is based. *Id*. As noted in more detail below, I find that Lampson's claims are affirmatively refuted by the records and files before me, and I conclude that no evidentiary hearing is required.

### Ineffective Assistance of Counsel Claims

The Sixth Amendment establishes the right of the criminally accused to have the assistance of counsel in his defense. U.S. Const. 6th Am. The United

States Supreme Court has further recognized that "the right to counsel is the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order for a convicted defendant to prove that his counsel was ineffective, he must first show that counsel's performance was deficient, and fell below an objective standard of reasonableness. *Id*. at 687-88. This showing of deficiency requires that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. Additionally, a defendant must show prejudice, which is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694; *Rogers v. United States*, 1 F.3d 697, 700 (8th Cir. 1993). In the context of a guilty plea, movant must show that he would not have pleaded guilty if counsel had not been ineffective. *Hill v. Lockhart*, 474 U.S. 52 (1985). Finally, Lampson bears the burden "to overcome the strong presumption that counsel's actions constituted objectively reasonable strategy under the circumstances." *Becht v. Unites States*, 403 F.3d 542, 545 (8th Cir. 2005) (quoting *Schumacher v. Hopkins*, 83 F.3d 1034, 1037 (8th Cir. 1996)).

In addition to the normal presumption that counsel acted reasonably, Lampson here has the burden of overcoming his own sworn testimony to me. At his guilty plea Lampson stated that he was satisfied with Ms. Dragan's

5

representation and that there was nothing he wanted her to do that she failed or refused to do. None of Lampson's complaints establish ineffective assistance of counsel.

**Ground One – Coercion Defense**

Lampson's § 2255 petition first claims that Ms. Dragan provided ineffective assistance of counsel by telling him there is no defense of coercion. However, Ms. Dragan's affidavit indicates that she discussed numerous possible defenses to his case, including the defense of coercion. After reviewing the case law and speaking with witnesses, Ms. Dragan advised Lampson the defense would likely not prevail at trial. Ms. Dragan told Lampson she did not believe the defense of coercion applied to the facts of his case, not that the defense did not exist at all. Lampson has not established facts that overcome the strong presumption that Ms. Dragan acted reasonably. Additionally, Lampson has not demonstrated that but for Ms. Dagan's advice, he would not have plead guilty. *See Hill,* 474 U.S. at 59; *Matthews v. United States*, 114 F.3d 112, 114 (8th Cir. 1997). Accordingly, I will dismiss his first ground for relief without an evidentiary hearing.

**Ground Two – Coercion and Lesser Harms Departure**

The vague allegation of impropriety contained in Lampson's second ground is unclear as to what exactly he is claiming. Assuming Lampson is referring to

arguments made at sentencing, Ms. Dagan explicitly advised him that any defense of coercion was without merit. Additionally, Lampson elected not to raise any concerns about "lesser harms departure" during colloquy at his change of plea and sentencing hearings. Because Lampson does not allege specifically how he received ineffective assistance of counsel in this regard, I will dismiss his second ground for relief without an evidentiary hearing. *See Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 2008) (stating "a petition which consists only of conclusory allegations unsupported by specifics . . . is insufficient to overcome the barrier to an evidentiary hearing on a section 2255 motion.") (internal citation omitted).

**Ground Three – Information Gathered from Witnesses**

Lampson next alleges he received ineffective assistance of counsel in that Ms. Dragan failed to provide him with information gathered from witnesses. This allegation contradicts his sworn statement to me that Ms. Dragan had not failed or refused to do anything he asked. Additionally, according to Ms. Dragan's affidavit, both she and her investigator interviewed all the witnesses Lampson requested to be interviewed. Even if Ms. Dragan did not interview all potential witnesses, that is not a basis for overturning his guilty plea as Lampson has not demonstrated he was prejudiced in any manner.

7

### Ground Four – Time Already Served

For his fourth ground, Lampson alleges that Ms. Dragan miscalculated the length of time he already served. Lampson's argument is belied by the record. According to the PSR, as of the Sentencing Hearing on March 28, 2008, Lampson had been in state custody since June 14, 2007. This is slightly over nine months and is consistent with the amount of time Ms. Dragan moved to credit his sentence. At the Sentencing Hearing I reduced Lampson's sentence by nine months, from 51 months to the 42 months I imposed. Accordingly, I will deny Lampson's fourth ground for relief.

### Ground Five – Willingness to Cooperate

Lampson's final ground for relief alleges that Ms. Dagan did not inform the government that he was willing to cooperate. However, this information was passed along to the government, but the offer was declined because Lampson was not specific in how exactly he wanted to cooperate. Additionally, Lampson also personally wrote a letter to Assistant United States Attorney Michael Reap offering to provide information about defendants involved in a drug conspiracy who were set to go to trial. This offer was also declined. Because Lampson's willingness to cooperate was in fact passed along to the government, but declined, I will deny his fifth ground for relief.

**Certificate of Appealability**

As Lampson has not made a substantial showing of a federal constitutional right, this Court will not issue a certificate of appealability. *See Cox v. Norris*, 33 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

For all the reasons stated above, Lampson's § 2255 motion will be denied.

**IT IS HEREBY ORDERED** that David Lampson's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 is denied.

**IT IS HEREBY ORDERED** that this Court will not issue a certificate of appealability, as Lampson has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

*[signature]*
_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of November, 2010.